**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID WAYNE WILSON, | No. 09-15249 |
| Plaintiff - Appellant, | D.C. No. 07-cv-00352-MCE-EFB |
| v. | |
| SCOTT KERNAN; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

David Wayne Wilson, a California state prisoner, appeals *pro se* from the

district court's judgment dismissing with prejudice his 42 U.S.C. § 1983 action

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

rgs/Research

claiming that regulatory amendments to the prison quarterly package program violate the Constitution and various federal and state statutes. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The district court properly dismissed Wilson's federal claims. First, Wilson failed to allege a violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq.*, because his claim that state-approved package vendors were run by retired correctional officers or prison guard unions fails to allege a pattern of racketeering or the other elements of a RICO Act violation. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 482-83, 496 (1985). Moreover, Wilson lacks standing to sue under the RICO Act because he had no business interests that were injured and was not deprived of any property interests by being required to receive packages only from state-approved vendors for valid security reasons. *See id.* at 496. Second, Wilson failed to allege a claim of retaliation under *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005), because the return of one of his packages was not in reprisal for his constitutionally protected act of filing grievances and did not chill his exercise of his First Amendment rights. Instead, the package was returned because Wilson was in

administrative segregation when it arrived. Moreover, Wilson successfully exercised his right to administrative relief, obtaining both an acknowledgment from the institution that the package should have been held until Wilson was released from segregation, and payment by the institution to have the package re-shipped. Third, Wilson failed to allege a claim for deliberate indifference because his right to adequate nutrition under the Eighth Amendment does not entitle him to packaged food from outside, but only requires the prison to provide food that is adequate to maintain health. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

Finally, the district court properly concluded that neither of Wilson's alleged state-law violations stated a cognizable claim under 42 U.S.C. § 1983, and Wilson's contention that the district court was nonetheless required to exercise supplemental jurisdiction over these claims lacks merit. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001). We decline to address the issues Wilson raises for the first time on appeal, *see Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995), and we find his remaining contentions unpersuasive.

**AFFIRMED.**